**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 21, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

TERESA MANZANAREZ,

      Defendant-Appellant.

No. 09-3058
(D.C. No. 5:07-CR-40135-SAC-1)
(D. Kan.)

## ORDER AND JUDGMENT[*]

Before **MURPHY**, **EBEL**, and **HARTZ**, Circuit Judges.

Teresa Manzanarez pleaded guilty to conspiracy to possess with intent to

distribute methamphetamine in violation of 21 U.S.C. § 846. The district court

increased her offense level by two levels for possession of a firearm. As a result,

the court assessed the applicable Guidelines range at 87 to 108 months and

sentenced her to 87 months of imprisonment. Although her plea agreement

---

[*]    This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

contained a waiver of the right to appeal, Ms. Manzanarez appealed. The United States has moved to enforce the appeal waiver pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).

Under *Hahn*, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived [her] appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. Ms. Manzanarez argues that the issue of whether the district court erred in imposing the firearm enhancement is beyond the scope of the appellate waiver and that she did not know that the waiver would encompass such a claim.[1] Accordingly, we shall address only the first and second factors. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005) (recognizing that this court need not address a *Hahn* factor that the defendant does not contest).

### *Scope of the Waiver*

"We narrowly construe the scope of [a defendant's] waiver of appeal rights[,] [b]ut we do not hesitate to hold a defendant to the terms of a lawful plea agreement." *United States v. Sandoval*, 477 F.3d 1204, 1206 (10th Cir. 2007) (citation and quotation omitted). The plea agreement states:

---

[1] In her docketing statement, in addition to raising the firearm enhancement issue, Ms. Manzanarez asserted that "[t]he district court failed to impose a reasonable sentence under the federal sentencing guidelines." Dktg. St. at 4. She does not mention this issue in her response to the motion to enforce, and in any event, this issue clearly is within the scope of the waiver.

The defendant knowingly and voluntarily *waives any right to appeal* or collaterally attack *any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein* (including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release). The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant *knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. . . .* In other words, *the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court*.

Mot. to Enforce, Attach. 1 (Plea Agreement) at 24-25 (emphasis added).

Ms. Manzanarez argues that this waiver does not extend to the "district court's decision to rely on the gun enhancement to establish the guideline range. . . . Here, the defendant is challenging the evidence relied upon to create the initial sentence range, not the court's decision to impose a sentence within the range." Aplt. Resp. at 4-5.

We disagree. The enhancement is not beyond the scope of the waiver. The waiver plainly contemplates that the district court will establish a Guidelines range it considers appropriate, and our precedent indicates that waivers such as the one in this plea agreement encompass all challenges to a within-Guidelines sentence. In *United States v. Smith*, 500 F.3d 1206, 1210 (10th Cir. 2007), this court stated that language identical to the waiver in this case "encompasses all appellate challenges to the sentence other than those falling within the explicit

exception for challenges to upward departures." Specifically, the appellant's "challenges to the District Court's application of the offense-level adjustments clearly fall within the scope of the waiver." *Id.*; *see also Sandoval*, 477 F.3d at 1206-07 (waiver of "'right to appeal any sentence within the guideline range applicable to the statute of conviction as determined by the court'" "precludes any appeal of [the defendant's] sentence other than an upward departure"). Ms. Manzanarez's sentence was at the low end of the applicable Guidelines range. Accordingly, the appeal falls within the scope of the waiver of appellate rights.

### Knowing and Voluntary Waiver

In a relatively undeveloped argument, Ms. Manzanarez also seems to suggest that she did not understand that the waiver could be construed to encompass a challenge to the firearm enhancement. *See* Aplt. Resp. at 6 ("[N]othing in the district court's colloquy with the defendant during the plea or sentencing hearing clearly explains that she is waiving her appeal of the gun enhancement. Given the defendant's obvious language and educational limitations, it cannot be assumed that she under[stood] the general language in the agreement or the court's statement to include the preclusion of the right to appeal the gun enhancement."). It is her burden to demonstrate that the waiver was not knowing and voluntary. *See Smith*, 500 F.3d at 1210.

We look primarily to the plea agreement and the plea colloquy to assess the voluntariness of the waiver. As discussed above, the waiver set forth in the plea

-4-

agreement clearly covers "any matter" other than an upward departure. The plea agreement also states that Ms. Manzanarez entered into it knowingly and voluntarily. Her attorney represented to the court that he had gone over the provisions of the plea agreement with her. Before the district court, Ms. Manzanarez represented that her plea was voluntary, and the district court specifically noted the waiver during the plea colloquy. Ms. Manzanarez is not highly educated, but she admitted to some secondary schooling. As to her inability to speak or read English, the record reflects that she was provided with an interpreter, and she "failed to indicate during the district court proceedings–either at the Rule 11 hearing, the sentencing hearing, or otherwise–that her inability to speak or read English compromised her understanding of the plea agreement." *United States v. Ibarra-Coronel*, 517 F.3d 1218, 1223 (10th Cir. 2008). Ms. Manzanarez has not met her burden of demonstrating that the waiver was not knowing and voluntary.

The motion to enforce the appeal waiver is GRANTED, and this appeal is DISMISSED.

ENTERED FOR THE COURT
PER CURIAM

-5-