FILED
United States Court of Appeals
Tenth Circuit

March 31, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

BRIAN MAURICE WRIGHT,

  Defendant-Appellant.

No. 10-3337
(D.C. No. 5:09-CR-40073-JAR-1)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **LUCERO** and **TYMKOVICH**, Circuit Judges.

---

After entering into a plea agreement that included an appeal waiver, Brian Maurice Wright pleaded guilty to one count of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g). The district court sentenced him to the statutory maximum of 120 months of imprisonment, which was inside the guidelines range as calculated by the court but well outside the range that both

---

[*]    This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

defense counsel and the prosecutor had anticipated when negotiating the plea agreement. Mr. Wright appealed, spurring the United States to move to enforce the appeal waiver. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).

Under *Hahn*, in evaluating a motion to enforce a waiver, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* Mr. Wright concedes that his challenge to his sentence is within the scope of the waiver and that the record before this court would not support a finding that the waiver was unknowing or involuntary. Therefore, we need not address the first or second factors. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005). Instead, we consider only Mr. Wright's contention that enforcing the waiver would result in a miscarriage of justice.

A miscarriage of justice occurs where (1) "the district court relied on an impermissible factor such as race"; (2) "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid"; (3) "the sentence exceeds the statutory maximum"; or (4) "the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327 (quotations omitted). For the waiver to be otherwise unlawful, "the error must seriously affect the fairness, integrity or

public reputation of judicial proceedings." *Id.* (alterations and quotations omitted).

Mr. Wright's miscarriage-of-justice argument arises from the district court's decision, under Guideline § 2X1.1, to cross-reference the firearms guideline with the attempted murder guideline, rather than to decline to apply the cross-reference or, at most, to cross-reference the aggravated assault guideline. The cross-reference increased the applicable guidelines range to the statutory maximum, which was twice the length of imprisonment that defense counsel and the prosecutor had anticipated when negotiating the plea agreement. Commendably, Mr. Wright's counsel frankly acknowledges that he did not foresee the cross-reference, so "the defendant was misled by counsel regarding the advisory guideline range he could expect at the time of sentencing." Resp. at 3. Counsel contends that this mistake "should be held to 'seriously affect the fairness, integrity, or public reputation of judicial proceedings . . . .'" *Id.* (quoting *Hahn*, 359 F.3d at 1327). He asserts, "a fairness issue rises from counsel's failure to recognize that the cross-reference would increase the advisory guidelines sentence to the statutory maximum sentence. Therefore, to deny review of such a great increase in the guidelines sentence would seem to patently affect the fairness of the proceeding." *Id.* at 4 (citation omitted).

But a bare complaint "that enforcement of the waiver would seriously affect the fairness and integrity of the proceedings [] does not fit into any of the

[miscarriage-of-justice] categories." *United States v. Polly*, 630 F.3d 991, 1001 (10th Cir. 2011). *Polly* quoted the court's prior discussion in *United States v. Smith*, 500 F.3d 1206 (10th Cir. 2007):

> Ms. Smith misunderstands the miscarriage of justice exception to enforcement of a waiver of appellate rights. This exception looks to whether "the *waiver* is otherwise unlawful," [*Hahn*, 359 F.3d at 1327] (emphasis added), not to whether another aspect of the proceeding may have involved legal error. Ms. Smith's argument that alleged errors in the court's determination of her sentence should invalidate her appellate waiver illustrates what *Hahn* called "the logical failing[] of focusing on the result of the proceeding, rather than on the right relinquished, in analyzing whether an appeal waiver is [valid]." *Id.* at 1326 n.12 (discussing whether an appeal waiver was knowing and voluntary) . . . .

*Polly*, 630 F.3d at 1001-02 (quoting *Smith*, 500 F.3d at 1212-13). "Because [appellant] does not challenge the lawfulness of the waiver itself, enforcing the waiver as to his claim [of sentencing error] does not result in a miscarriage of justice." *Id.* at 1002. Similarly, Mr. Wright does not argue that the waiver itself is unlawful; rather, his issues relate to sentencing error and counsel's advice regarding his sentence. Therefore, we cannot conclude that enforcing his appeal waiver results in a miscarriage of justice.

The motion to enforce the plea agreement is GRANTED and this appeal is DISMISSED.

                                        ENTERED FOR THE COURT
                                        PER CURIAM

-4-