FILED
United States Court of Appeals
Tenth Circuit

June 14, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

FABIAN ROMAN-FERNANDEZ,

Defendant-Appellant.

No. 11-3038
(D.C. No. 5:10-CR-40073-RDR-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

After entering into a plea agreement including an appeal waiver,

Fabian Roman-Fernandez pleaded guilty to aggravated illegal reentry by an alien

into the United States, a violation of 8 U.S.C. § 1326. The district court

sentenced him to 24 months' imprisonment, below the low end of the advisory

guidelines range of 37 to 46 months. When he appealed, the United States moved

---

[*]     This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

to enforce the appeal waiver. *See United States v. Hahn*, 359 F.3d 1315, 1328

(10th Cir. 2004) (en banc) (per curiam).

Under *Hahn*, in evaluating a motion to enforce a waiver, we consider:

"(1) whether the disputed appeal falls within the scope of the waiver of appellate

rights; (2) whether the defendant knowingly and voluntarily waived his appellate

rights; and (3) whether enforcing the waiver would result in a miscarriage of

justice." *Id.* at 1325. In his response to the motion to enforce,

Mr. Roman-Fernandez contends his appeal does not fall within the scope of the

appeal waiver. Because he does not challenge the knowing-and-voluntary and

miscarriage-of-justice factors, we need not consider them.[1] *See United States v.*

*Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005).

The appeal waiver in Mr. Roman-Fernandez's agreement is quite broad:

The defendant knowingly and voluntarily waives any right to appeal
. . . any matter in connection with this prosecution, the defendant's
conviction, or the components of the sentence to be imposed . . . .
The defendant is aware that Title 18, U.S.C. § 3742 affords a
defendant the right to appeal the conviction and sentence imposed.
By entering into this agreement, the defendant knowingly waives any

---

[1]    In his introduction, Mr. Roman-Fernandez briefly alleges counsel was
ineffective for not objecting to a 16-offense-level increase, but he does not
develop this argument or explain why it would require non-enforcement of the
waiver. Inadequate briefing results in a waiver. *See Phillips v. Calhoun*,
956 F.2d 949, 954 (10th Cir. 1992) ("[I]ssues designated for review are lost if
they are not actually argued in the party's brief."). In any event, whether a
defendant suffered ineffective assistance of counsel generally is best considered
in collateral proceedings, even when a defendant seeks to invalidate an appeal
waiver because of ineffective assistance. *See United States v. Porter*, 405 F.3d
1136, 1144 (10th Cir. 2005).

right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. . . . In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. . . . Notwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

Mot. to Enforce, Attach. 1 (Plea Agreement) at 6-7.

In response to the motion to enforce, Mr. Roman-Fernandez states he wishes to appeal the district court's addition of 16 offense levels for returning to the United States without authorization after being convicted of a felony crime of violence.[2] *See* U.S.S.G. § 2L1.2(b)(1)(A). Without those 16 levels, the high end of the applicable Guideline range would have been less than the 24 months of imprisonment he received. He relies on the waiver's exception for "the situation where 'the court departs upwards from the applicable sentencing guideline range determined by the court.'" Resp. at 2. He asserts, "[i]mplicit in this exception is that if the court makes an error in determining the applicable guideline, the exception is triggered." *Id.*

This argument is meritless. The upward-departure exception does not implicitly preserve challenges to alleged district court errors in calculating a Guidelines range. To hold the appeal waiver does not encompass such alleged

---

[2] The docketing statement indicated that Mr. Roman-Fernandez wished to withdraw his guilty plea and proceed to trial. Mr. Roman-Fernandez has since been appointed new counsel on appeal, so we rely on the representations in the response rather than the statement of issues in the docketing statement.

errors would nullify the waiver based on the very sort of claim it was intended to waive. Further, it would ignore the concession in the plea agreement that the applicable Guidelines range is the one "determined appropriate by the court." Mot. to Enforce, Attach. 1 (Plea Agreement) at 6. In *United States v. Smith*, 500 F.3d 1206, 1210 (10th Cir. 2007), this court examined a waiver stating, as in this case, "[t]he defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court." The court held the appellant's "challenges to the District Court's application of the offense-level adjustments clearly fall within the scope of the waiver." *Id.*

Because the appeal is within the scope of the waiver, the motion to enforce the plea agreement is GRANTED and this appeal is DISMISSED.

ENTERED FOR THE COURT
PER CURIAM