FILED
United States Court of Appeals
Tenth Circuit

June 24, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

HERMINO BENAVIDEZ,

Defendant-Appellant.

No. 11-2032
(D.C. No. 1:08-CR-02710-LH-1)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **O'BRIEN** and **HOLMES**, Circuit Judges.

---

Hermino Benavidez pleaded guilty to an indictment that accused him of

possessing with intent to distribute 50 grams or more of a mixture and substance

containing a detectable amount of cocaine base, in violation of 21 U.S.C.

§§ 841(a)(1) and (b)(1)(A).  Although Mr. Benavidez's plea agreement contained

a waiver of his right to appeal from his conviction and sentence, he has filed an

---

[*]     This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral
argument.  This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

appeal. The United States has moved to enforce the appeal waiver pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). We grant the motion and dismiss the appeal.

Mr. Benavidez entered into the plea agreement in November 2009. As part of the plea agreement, the government indicated that Mr. Benavidez might be entitled to a two-level reduction under the "safety valve" provisions under U.S.S.G. § 5C1.2(a)(1) through (5). The government further stipulated that, as of the date of the plea agreement, Mr. Benavidez was entitled to a three-level reduction in his base offense level for acceptance of responsibility. But the government also stated that it was "free to withdraw this stipulation if the Defendant engages in any conduct that is inconsistent with acceptance of responsibility between the date of this agreement and the sentencing hearing." Mot. to Enforce, Att. 1 at 5.

The plea agreement also included a waiver of Mr. Benavidez's appellate rights, which stated that "the Defendant knowingly waives the right to appeal [his] conviction(s) and any sentence within the statutory maximum authorized by law and imposed in conformity with this plea agreement." *Id.* at 7. Mr. Benavidez signed the agreement underneath the following statement: "I have read this agreement and carefully reviewed every part of it with my attorney. I understand the agreement and voluntarily sign it." *Id.* at 9. At his plea hearing,

Mr. Benavidez responded in the affirmative when the court asked him whether he understood that he was waiving his right to appeal.

While Mr. Benavidez was on release prior to sentencing, he was arrested for selling crack cocaine to an undercover agent. As a result, the probation office issued a revised presentence report (PSR) in which it indicated that Mr. Benavidez was not eligible for any reduction for his acceptance of responsibility because of his arrest for selling cocaine while he was on release. Mr. Benavidez's base offense level was 26. After a two-level enhancement for having rifles in his home where he stored the cocaine and a two-level reduction for submitting to a debrief, which made him eligible for the "safety-valve" provisions, his total offense level remained at 26. With his criminal history category of I, his resulting advisory guideline range was 63 to 78 months' imprisonment.

Mr. Benavidez objected to the enhancement for the firearms in his home and the PSR's recommendation that he was no longer eligible for a reduction for acceptance of responsibility due to his arrest for selling cocaine while on release. At the sentencing hearing, the court heard argument by both parties. The court ultimately overruled Mr. Benavidez's objections and sentenced Mr. Benavidez to 63 months in prison. Mr. Benavidez filed an appeal and the government filed a motion to enforce the appeal waiver in the plea agreement.

Discussion

Under *Hahn*, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." 359 F.3d at 1325.

*Scope of the Waiver*

Mr. Benavidez argues that the appeal waiver should not be enforced because one of the grounds for his appeal falls outside of the scope of the waiver.[1] Specifically, he asserts that the following challenge to his sentence is not covered by the appeal waiver: "the district court's refusal to remove individuals from the Las Vegas community from the courtroom during sentencing chilled his right to allocute and also prevented his counsel from fully arguing on his behalf with respect to the sentence, specifically his acceptance of responsibility," Resp. to Mot. to Enforce at 5. We disagree.

The language of the appellate waiver in the plea agreement is broad and bars an appeal from "any sentence within the statutory maximum authorized by law and imposed in conformity with this plea agreement." Mot. to Enforce, Att. 1 at 7. The statutory maximum for the crime Mr. Benavidez committed is life in

---

[1]     Mr. Benavidez identifies six issues he has raised on appeal, but he challenges the enforcement of the appeal waiver solely with respect to his first issue.  *See* Resp. to Mot. to Enforce at 5-12.  Because he does not challenge the enforcement of the appeal waiver with respect to the remaining five issues, we take that as a concession that those issues are covered by the appeal waiver.

prison, so his 63-month sentence falls within the statutory maximum allowed by law. The sentence was also imposed in conformity with the plea agreement.

Mr. Benavidez argues, however, that the parties contemplated that he would be able to appeal from his sentence if there were procedural irregularities in the imposition of the sentence. But that alleged understanding is not reflected in the language of the waiver in the plea agreement. The waiver covers all appellate challenges to Mr. Benavidez's sentence, procedural or otherwise, unless the sentence imposed is above the statutory maximum or does not conform to the plea agreement. *Cf. United States v. Smith*, 500 F.3d 1206, 1210 (10th Cir. 2007) (concluding that the language, "'defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range,'" covered all appellate challenges to the sentence except those regarding upward departures). Accordingly, Mr. Benavidez's challenge to the district court's procedure at sentencing falls within the scope of his appeal waiver.

### *Knowing and Voluntary*

Mr. Benavidez contends he did not knowingly and voluntarily waive his right to appeal procedural errors in the imposition of his sentence. This position, however, is inconsistent with the broad language of the appeal waiver he agreed to in the plea agreement and his response at the plea hearing that he understood that he was waiving his right to appeal from any sentence that was imposed

within the statutory maximum.[2] Moreover, he does not point to any evidence to suggest that he did not understand the scope of his waiver. Mr. Benavidez bears the "burden to present evidence from the record establishing that he did not understand the waiver." *United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir. 2003). He has failed to do so.

### *Miscarriage of Justice*

Finally, Mr. Benavidez argues that enforcing the waiver would result in a miscarriage of justice. This factor requires Mr. Benavidez to show that (1) "the district court relied on an impermissible factor such as race;" (2) "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid;" (3) his "sentence exceeds the statutory maximum;" or (4) his "waiver is otherwise unlawful" and "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Hahn*, 359 F.3d at 1327 (quotations omitted).

---

[2] The following exchange took place at the plea hearing:

> **THE COURT**: . . . you've waived your right to appeal the sentence if it's made within the statutory maximum. Do you understand that provision?
> **THE DEFENDANT:** Yes, your Honor.
> **THE COURT:** So if the Court sentences you within the maximum sentence that I've outlined for you, even though it may be more than you expect here today, you're giving up your right to appeal. Do you understand that?
> **THE DEFENDANT:** Yes, your Honor.

Mot. to Enforce, Att. 2 at 12.

Mr. Benavidez contends that "[i]njustice results from preventing a defendant from presenting information and argument that is material to mitigation (here, his cooperation with authorities from the very beginning)." Resp. to Mot. to Enforce at 11. Presumably this cursory argument relates to "the waiver being otherwise unlawful," *see Hahn*, 359 F.3d at 1327, because none of the other circumstances identified under the miscarriage-of-justice analysis are even arguably related to Mr. Benavidez's argument. But, assuming that is the case, Mr. Benavidez misunderstands this piece of the miscarriage-of-justice analysis. This exception to enforcing the appeal waiver looks to whether "the *waiver* is otherwise unlawful, not to whether another aspect of the proceeding may have involved legal error." *Smith*, 500 F.3d at 1213 (quotations and citations omitted). Mr. Benavidez's argument that alleged errors in the district court's sentencing procedure should invalidate his appellate waiver "illustrates what *Hahn* called 'the logical failing[ ] of focusing on the result of the proceeding, rather than on the right relinquished, in analyzing whether an appeal waiver is [valid].'" *Id.* (quoting Hahn, 359 F.3d at 1326 n.12). Mr. Benavidez has failed to show that enforcing the waiver would result in a miscarriage of justice.

Accordingly, we GRANT the motion to enforce the appeal waiver and DISMISS the appeal.

ENTERED FOR THE COURT
PER CURIAM