FILED
United States Court of Appeals
Tenth Circuit

August 23, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

THOMAS CHRISTIAN O'NEILL,

Defendant-Appellant.

No. 11-3116
(D.C. No. 5:10-CR-40051-RDR-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **EBEL**, and **MATHESON**, Circuit Judges.

The government moves to enforce the appeal waiver contained in the plea

agreement it entered into with Thomas Christian O'Neill. We GRANT the

motion.

Mr. O'Neill pleaded guilty to distribution of fifty or more grams of

methamphetamine in violation of 21 U.S.C. § 841(a)(1). Under the terms of the

---

[*]     This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

agreement, he waived his right to appeal the sentence imposed, if it was within the guideline range the district court determined to be appropriate and if it did not depart upwards from that range. The court sentenced Mr. O'Neill to 108 months of imprisonment, which was below the applicable guideline range of 151 to 188 months of imprisonment. Despite the appeal waiver and the downward departure, Mr. O'Neill filed a notice of appeal.

The government has moved to enforce the appeal waiver pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). *Hahn* directs us "to determine: (1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. A miscarriage of justice occurs where (1) "the district court relied on an impermissible factor such as race"; (2) "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid"; (3) "the sentence exceeds the statutory maximum"; or (4) "the waiver is otherwise unlawful." *Id.* at 1327 (internal quotation marks omitted). To satisfy the fourth factor, "the error [must] seriously affect[] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

Mr. O'Neill's arguments concern the scope of the waiver prong and the otherwise-unlawful aspect of the miscarriage of justice prong. He first contends

-2-

that if he is allowed to appeal he "would argue that the court improperly attributed drug amounts to [him] and applied an incorrect guideline range, and that the matter should be remanded for a lower sentence." Resp. to Mot. to Enforce at 2. He contends this claim does not fall within the scope of the waiver because he did not know what the presentence investigation report would state and there was a risk that he would end up with more imprisonment time than he expected. He contends that "a waiver of appellate rights should not result in the coerced abandonment of all hope when a conclusion by the district court is simply not supported by the evidence, which [he] believes to be the case here." *Id.* Also, he asserts that the "waiver [did not] give the district court absolute power to determine all matters at sentencing without any hope of appellate review." *Id.* at 3.[1]

Because Mr. O'Neill is raising sentencing issues, his appeal necessarily is within the scope of the waiver. *Cf. United States v. Weeks*, ___ F.3d ___, 2011 WL 3452053, at *5 n.4 (10th Cir. Aug. 9, 2011) (agreeing with parties that "appeal [did] not fall within the scope of the waiver, because [appellant was]

---

[1] Mr. O'Neill does not argue that he may appeal his below-the-guidelines sentence because it does not fall within the scope of the appeal waiver. If he had made this argument, we would reject it. The plea agreement states both that he waived any right to challenge a sentence within the guideline range determined appropriate by the district court and that he waived any right to appeal a sentence imposed that did not depart upwards from the applicable guideline range determined by the court. We conclude this language also forecloses an appeal of a sentence below the guideline range.

contesting the voluntariness of his plea, not raising sentencing issues"). To hold the appeal waiver does not encompass alleged sentencing errors "would nullify the waiver based on the very sort of claim it was intended to waive," *United States v. Smith*, 500 F.3d 1206, 1213 (10th Cir. 2007), and would ignore the concession in the plea agreement that the applicable guideline range is the one the district court determines is appropriate.

Additionally, Mr. O'Neill argues that it would be a miscarriage of justice to deny an appeal when the evidence that determines how many years of imprisonment a defendant will serve is truly in question. Presumably, this argument relates to the waiver being otherwise unlawful, because none of the other three circumstances identified under the miscarriage-of-justice prong seem to be called into question. *See Hahn*, 359 F.3d at 1327. This exception to enforcing the appeal waiver "looks to whether the *waiver* is otherwise unlawful, not to whether another aspect of the proceeding may have involved legal error." *Smith*, 500 F.3d at 1213 (citation omitted) (internal quotation marks omitted). Mr. O'Neill's argument that the alleged errors in the district court's sentencing procedure should invalidate his appellate waiver "illustrates what *Hahn* called 'the logical failing[] of focusing on the result of the proceeding, rather than on the right relinquished, in analyzing whether an appeal waiver is [valid].'" *Id.* (quoting *Hahn*, 359 F.3d at 1326 n.12 (addressing knowingness and voluntariness of appeal waiver)). Mr. O'Neill therefore cannot show a miscarriage of justice.

-4-

Accordingly, the government's motion to enforce is GRANTED, and this appeal is DISMISSED.

ENTERED FOR THE COURT
PER CURIAM