FILED
United States Court of Appeals
Tenth Circuit

March 1, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSE DAVID VILLEGAS,

Defendant-Appellant.

No. 11-4150
(D.C. No. 1:10-CR-00156-DAK-3)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **O'BRIEN**, and **HOLMES**, Circuit Judges.

After accepting a plea agreement that included a waiver of his right to appeal, Jose David Villegas pleaded guilty to one count of possession of more than 500 grams of methamphetamine with intent to distribute, a violation of 21 U.S.C. § 841(a)(1). He and the government agreed on a stipulated sentence of 180 months in prison, which the district court duly imposed. Notwithstanding the

---

[*] This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

waiver, Mr. Villegas appealed. The government now has moved to enforce the appeal waiver. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

Under *Hahn*, in evaluating a motion to enforce a waiver, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. Mr. Villegas's counsel has filed a response stating that he cannot identify any non-frivolous argument regarding these factors. Counsel also moved to withdraw. We gave Mr. Villegas the opportunity to file a pro se response; as of today's date, we have not received anything from him.

We have conducted an independent review of the *Hahn* factors. Mr. Villegas's docketing statement lists one issue for appeal – that his "[s]entence was imposed in violation of law." Docketing Statement at 3. This issue falls within the scope of the waiver, which covers "[his] right to appeal any sentence imposed upon [him], and the manner in which the sentence is determined . . . on any ground whatever," except explicit grounds not implicated here. Mot. to Enforce, Attach. A at 4. As for the second factor, the plea agreement clearly sets forth the waiver and states that it was knowing and voluntary, and the district court discussed the waiver and voluntariness at the plea hearing. There is no contradictory evidence indicating that Mr. Villegas did not knowingly and

voluntarily accept the waiver.[1]  Finally, there is no indication that enforcing the

waiver would result in a miscarriage of justice as that term in defined in *Hahn*,

359 F.3d at 1327.

Counsel's motion to withdraw is GRANTED.  The motion to enforce is

GRANTED and this matter is DISMISSED.

ENTERED FOR THE COURT
PER CURIAM

---

[1]    As the government acknowledges, during sentencing the prosecution erroneously informed the court that there was no appeal waiver, and the court informed Mr. Villegas that he had the right to appeal his sentence.  Mot. to Enforce, Attach. C at 4, 6.  "But a district court's statement that a defendant has the right to appeal does not necessarily negate a waiver-of-appeal provision contained in a plea agreement when the defendant enters into that agreement prior to the court's statement."  *United States v. Smith*, 500 F.3d 1206, 1211 (10th Cir. 2007).  "This is especially true when, after informing the defendant that he has appellate rights, the court does not ask defendant whether he understands the description of those rights," *id.*, as happened here.  Accordingly, the district court's inaccurate statement at sentencing does not mean that Mr. Villegas's waiver was unknowing or involuntary.