FILED
United States Court of Appeals
Tenth Circuit

July 22, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

ARTHUR MORRIS MANNIE, JR.,

        Defendant-Appellant.

No. 10-6101
(D.C. No. 5:09-CR-00289-F-1)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **KELLY**, and **O'BRIEN**, Circuit Judges.

---

Pursuant to a plea agreement, Arthur Morris Mannie, Jr. pleaded guilty to

knowingly possessing with intent to distribute fifty grams or more of a mixture or

substance containing a detectable amount of cocaine base (crack) in violation of

21 U.S.C. § 841(a)(1). The government has moved to enforce the plea

agreement's appeal waiver. *See United States v. Hahn*, 359 F.3d 1315, 1325

---

[*] This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(10th Cir. 2004) (en banc) (per curiam). Mr. Mannie's counsel filed a response stating that "[c]ounsel . . . cannot provide anything factually or legally to the Court to question or negate the appeal waiver." Counsel Resp. at 3. We gave Mr. Mannie an opportunity to respond to his counsel's determination that the appeal was frivolous. Mr. Mannie states that he understood he would receive a sentence determined under Sentencing Guideline § 2D1.1, not Sentencing Guideline § 4B1.1. He concedes that "[he] knowingly and voluntarily waived his appellate rights, and subsequent collateral attack rights if he received a guidelines range under section 2D1.1, however, not under section 4B1.1[.] [A]t best the plea is ambiguous and must favor Mannie's appellate rights." Pro Se Resp. at 4.

Under *Hahn*, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." 359 F.3d at 1325. Mr. Mannie seems to be arguing that enforcing the waiver would result in a miscarriage of justice because the court erroneously sentenced him under Guideline § 4B1.1.[1]

A miscarriage of justice occurs "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in

---

[1] Although we are not required to address a *Hahn* factor that the defendant does not contest, *see United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005), we have independently confirmed that this appeal is within the scope of the appellate waiver and that Mr. Mannie knowingly and voluntarily waived his appellate rights.

connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327 (quotation omitted). Mr. Mannie's argument implicates only the fourth exception. This court has held, however, that the fourth exception "looks to whether the *waiver* is otherwise unlawful, not to whether another aspect of the proceeding may have involved legal error." *United States v. Smith*, 500 F.3d 1206, 1213 (10th Cir. 2007) (quotation and citation omitted). A defendant's "argument that alleged errors in the court's determination of [his] sentence should invalidate [his] appellate waiver illustrates what *Hahn* called 'the logical failing[] of focusing on the result of the proceeding, rather than on the right relinquished, in analyzing whether an appeal waiver is [valid].'" *Smith*, 500 F.3d at 1213 (quoting *Hahn*, 359 F.3d at 1326 n.12). "To allow alleged errors in computing a defendant's sentence to render a waiver unlawful would nullify the waiver based on the very sort of claim it was intended to waive." *Id.* In short, Mr. Mannie's mistake regarding the applicable Sentencing Guidelines does not nullify his appellate waiver.

The motion for an extension of time to respond to the motion is DENIED AS MOOT and the motion to withdraw as counsel is GRANTED. The motion to enforce the plea agreement is GRANTED and this appeal is DISMISSED.

ENTERED FOR THE COURT
PER CURIAM

-3-