**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 14, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

BEATRIZ ADRIANA
CARDENAS-URIARTE,

      Defendant-Appellant.

No. 12-2046
(D.C. No. 1:10-CR-01926-BB-1)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

Beatriz Adriana Cardenas-Uriarte pleaded guilty to conspiracy and multiple

counts of distributing more than fifty grams of methamphetamine.  21 U.S.C. §§ 846,

841(a)(1), and 18 U.S.C. § 2.  She was sentenced to 144 months in prison, which was

below her advisory guideline range.  Although she waived her appellate rights as part

of her plea agreement, Ms. Cardenas-Uriarte filed an appeal challenging her

---

[*]    This panel has determined that oral argument would not materially assist the
determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The
case is therefore ordered submitted without oral argument.  This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R App. P. 32.1 and 10th Cir. R. 32.1.

sentence. The government has since moved to enforce the appeal waiver pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). Ms. Cardenas-Uriarte responded that enforcing her appeal waiver would result in a miscarriage of justice because her sentence was wrongfully enhanced pursuant to U.S.S.G. § 2D1.1(b)(1). We disagree and accordingly grant the government's motion to enforce the appeal waiver and dismiss the appeal.

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived [her] appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. The miscarriage-of-justice prong requires the defendant to show (a) "the district court relied on an impermissible factor, such as race"; (b) "ineffective assistance of counsel in connection with the negotiation of the waiver rendered the waiver invalid"; (c) her "sentence exceeds the statutory maximum"; or (d) her appeal "waiver is otherwise unlawful" and the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings. *Id.* at 1327 (quotation omitted).

The only basis upon which Ms. Cardenas-Uriarte contests her appeal waiver is the miscarriage-of-justice prong. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005) (declining to consider uncontested factor). She argues that enforcing her appeal waiver would result in a miscarriage of justice because the waiver is otherwise unlawful. In particular, she refers us to U.S.S.G. § 2D1.1(b)(1), under

which her sentence was enhanced for possession of a dangerous weapon, and asserts the district court wrongly applied the enhancement because the disputed firearm was likely kept for protection by a government witness. She argues that this sentencing error resulted from the government's failure to show that she possessed the firearm as required by § 2D1.1(b)(1). The problem with this argument, however, is that it is foreclosed by our precedent. Indeed, we have explained that in considering whether an appeal waiver is "otherwise unlawful," we look only "to whether the *waiver* [itself] is otherwise unlawful," not to whether there was a sentencing error. *United States v. Smith*, 500 F.3d 1206, 1213 (10th Cir. 2007) (quotation omitted). The rationale is simple: the alleged error would invalidate the appeal waiver "based on the very sort of claim it was intended to waive." *Id.* Because Ms. Cardenas-Uriarte advances no argument impeaching the waiver itself, she fails to show a miscarriage of justice.

Accordingly, we GRANT the government's motion to enforce the appeal waiver and DISMISS the appeal.

Entered for the Court
Per Curiam
