FILED
United States Court of Appeals
Tenth Circuit

April 16, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ELIAS HERRERA-ZAMORA,

Defendant-Appellant.

No. 13-1050
(D.C. No. 1:11-CR-00279-PAB-2)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **TYMKOVICH** and **GORSUCH**, Circuit Judges.

This matter is before the court on the government's motion to enforce the

appeal waiver contained in defendant Elias Herrera-Zamora's plea agreement. The

defendant pleaded guilty to conspiracy to distribute and possess with intent to

distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C.

§§ 841(a)(1), (b)(1)(A)(viii) and 846. At sentencing, the district court determined

---

[*] This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

that the defendant's applicable advisory guidelines sentencing range was 188 to 235 months' imprisonment, and the court sentenced him at the bottom of that range to 188 months' imprisonment.

Pursuant to his plea agreement,

> the defendant knowingly and voluntarily waive[d] the right to appeal any matter in connection with []his prosecution, conviction, or sentence unless it meets one of the following three criteria: (1) the sentence imposed is above the maximum penalty provided in the statute of conviction, (2) the Court, after determining the otherwise applicable sentencing guideline range, either departs or varies upwardly, or (3) the Court imposes a sentence that exceeds 188 months.

Attach. 1 to Mot. to Enforce, Plea Agreement at 2. "Except as provided above, the defendant also knowingly and voluntarily waive[d] the right to appeal the manner in which the sentence is determined on grounds set forth in 18 U.S.C. § 3742." *Id.*

The government filed a motion to enforce the plea agreement under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). In evaluating a motion to enforce a waiver, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325.

In his response to the government's motion, the defendant does not contend that his appeal issue falls outside of the scope of the appeal waiver, or that he did not knowingly and voluntarily waive his appellate rights. He argues only that the district

court's sentencing error is such a miscarriage of justice that the appeal waiver should not be enforced. He cites no authority supporting this contention.

Under the third prong of the *Hahn* analysis, we must determine whether enforcement of an appeal waiver will result in a miscarriage of justice. *United States v. Smith*, 500 F.3d 1206, 1212 (10th Cir. 2007). "A miscarriage of justice occurs '[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful.'" *Id.* (quoting *Hahn*, 359 F.3d at 1327). "This list is exclusive: enforcement of an appellate waiver does not result in a miscarriage of justice unless enforcement would result in one of the four situations enumerated above." *United States v. Polly*, 630 F.3d 991, 1001 (10th Cir. 2011) (quotations omitted). We assume that the defendant is arguing that the appeal waiver is "otherwise unlawful," because he makes no claim that any of the other three bases for finding a miscarriage of justice is applicable in this case.[1] "To be otherwise unlawful, an error must seriously affect the fairness, integrity or public reputation of judicial proceedings." *Smith*, 500 F.3d at 1212 (quotations and brackets omitted).

---

[1]     The defendant does not contend that the district court relied on any impermissible factor or that his counsel provided ineffective assistance in the negotiation of the waiver. Moreover, his sentence does not exceed the statutory maximum penalty of life imprisonment under 21 U.S.C. § 841(b)(1)(A)(viii).

The defendant contends that the district court erred in determining that he was not eligible for the safety valve under 18 U.S.C. § 3553(f), which permits the court to sentence a defendant "without regard to any statutory minimum sentence." More specifically, he maintains that the court misapplied *United States v. Altamirano-Quintero*, 511 F.3d 1087, 1092-93 (10th Cir. 2007), in concluding that he failed to satisfy the fifth safety-valve requirement that he provide the government with "all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." § 3553(f)(5).

In *Smith* and *Polly*, we rejected similar contentions that an allegation of sentencing error by the district court was sufficient to render a waiver unlawful. The appellants in *Smith* and *Polly* argued that the district courts erred by enhancing their sentences based on findings of obstruction of justice. *Smith*, 500 F.3d at 1212; *Polly*, 630 F.3d at 1001. Like the appellants in these previous cases, the defendant here

> misunderstands the miscarriage of justice exception to enforcement of a waiver of appellate rights. This exception looks to whether the *waiver* is otherwise unlawful, not to whether another aspect of the proceeding may have involved legal error. [The defendant's] argument that alleged errors in the court's determination of [his] sentence should invalidate [his] appellate waiver illustrates what *Hahn* called the logical failing of focusing on the result of the proceeding, rather than on the right relinquished, in analyzing whether an appeal waiver is valid. . . . To allow alleged errors in computing a defendant's sentence to render a waiver unlawful would nullify the waiver based on the very sort of claim it was intended to waive.

*Smith*, 500 F.3d at 1212-13 (citations, quotations, and brackets omitted); *see also*

*Polly*, 630 F.3d at 1001-02.  Thus, "[a]n appeal waiver is not 'unlawful' merely

because the claimed error would, in the absence of waiver, be appealable.  To so hold

would make a waiver an empty gesture."  *United States v. Sandoval*, 477 F.3d 1204,

1208 (10th Cir. 2007).  Likewise, the defendant's claim that the district court

improperly applied the safety-value requirement in § 3553(f)(5) does not result in a

miscarriage of justice.  The appeal waiver thus bars this claim.

Accordingly, we grant the motion to enforce and dismiss the appeal.


Entered for the Court
Per Curiam