**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 18, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

DONALD LEWAYNE TUCKER,

        Defendant - Appellant.

No. 14-6242
(D.C. No. 5:14-CR-00045-C-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **EBEL** and **PHILLIPS**, Circuit Judges.

Donald LeWayne Tucker pleaded guilty to possession with intent to distribute

twenty-eight or more grams of cocaine base in violation of 21 U.S.C. § 841(a)(1).

The district court sentenced him to 188 months in prison, at the low end of the

guidelines range of 188 to 235 months. Under the terms of his plea agreement,

Mr. Tucker waived his right to appeal any sentence, and the way in which it was

determined, as long as the sentence was within the guidelines range determined to be

---

[*]    This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appropriate by the court.  Nevertheless, Mr. Tucker filed a notice of appeal concerning his sentence.  The government moves to enforce the appeal waiver. *See* United *States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

Under *Hahn* we consider three factors when deciding whether to enforce an appeal waiver:  "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325.  Mr. Tucker focuses only on the miscarriage-of-justice factor.  *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005) (recognizing that court need not address factors not challenged by defendant).

Mr. Tucker asserts that there was a miscarriage of justice because his appeal waiver is "otherwise unlawful." *Hahn*, 359 F.3d at 1327  (internal quotation marks omitted) (setting out four possibilities for showing miscarriage of justice).  For a waiver to be "otherwise unlawful," "the error must seriously affect the fairness, integrity or public reputation of judicial proceedings, as that test was employed in *United States v. Olano*, 507 U.S. 725, 732 . . . (1993)." *Hahn*, 359 F.3d at 1327 (brackets omitted) (internal quotation marks omitted).  Mr. Tucker argues that his sentence affects the fairness, integrity, or public reputation of the judicial proceedings, because the district court erred in determining that he was a career offender and then incorrectly considered a guidelines sentencing range of 188 to 235

months for a career offender when the correct range was 70 to 87 months. According to Mr. Tucker, his prior rape conviction did not qualify as a crime of violence and therefore he could not be a career offender. Thus, he maintains that his sentence was illegal and imposing an illegal sentence is plain error.

When, as is the case here, a plea agreement contains an appeal waiver, "[o]ur inquiry is not whether the sentence is unlawful, but whether the waiver itself is unlawful because of some procedural error or because no waiver is possible." *United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007). We do not consider "whether another aspect of the proceeding may have involved legal error." *United States v. Smith*, 500 F.3d 1206, 1213 (10th Cir. 2007). Thus, Mr. Tucker's "argument that alleged errors in the court's determination of [his] sentence should invalidate [his] appellate waiver illustrates what *Hahn* called 'the logical failing[] of focusing on the result of the proceeding, rather than on the right relinquished, in analyzing whether an appeal waiver is [valid].'" *Id*. (quoting *Hahn*, 359 F.3d at 1326 n.12). Because Mr. Tucker makes no argument that the appeal waiver itself is unlawful, we need not and will not consider whether there is plain error.

Accordingly, we grant the government's motion to enforce the appeal waiver, and we dismiss the appeal.

> Entered for the Court
> Per Curiam