FILED
United States Court of Appeals
Tenth Circuit

September 13, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GREGORY JOHN MAUREK,

    Defendant - Appellant.

No. 16-6151
(D.C. No. 5:15-CR-00129-D-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **EBEL**, and **MATHESON**, Circuit Judges.
_____

Gregory John Maurek was charged with one count of receipt and distribution of child pornography (Count 1), in violation of 18 U.S.C. § 2252(a)(2)(B), and one count of possession of child pornography involving a prepubescent minor (Count 2), in violation of 18 U.S.C. § 2252(a)(5)(B).  Mr. Maurek entered into a plea agreement with the government and agreed to plead guilty to Count 2.  In exchange for waiving his right to appeal his guilty plea and sentence, the government dismissed Count 1.

Despite the waiver in his plea agreement, Mr. Maurek has filed an appeal in

---

[*] This panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

which he seeks to challenge his sentence. The government has filed a motion to enforce the appellate waiver in Mr. Maurek's plea agreement pursuant to our decision in *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc).

In Mr. Maurek's plea agreement, he waived his right to appeal "his sentence as imposed by the Court . . . and the manner in which the sentence is determined[,]" provided the sentence is not "above the advisory guideline range determined by the Court to apply" in his case. Mot. to Enf., Att. 1 at 8. The district court sentenced Mr. Maurek to 120 months' imprisonment, which was within the advisory guideline range of 108 to 135 months that the court determined applied to his case.

When reviewing a motion to enforce a waiver in a plea agreement we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325. Mr. Maurek concedes that his appeal falls within the scope of his appellate waiver and that he knowingly and voluntarily waived his appellate rights. Because of these concessions, we need not address these issues. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005).

Mr. Maurek argues, however, that enforcing the waiver would result in a miscarriage of justice. In *Hahn*, we held that "enforcement of an appellate waiver does not result in a miscarriage of justice unless enforcement would result in one of the[se] four situations": "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the

2

negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." 359 F.3d at 1327 (internal quotation marks omitted). We explained that "to satisfy the fourth [situation]—where the waiver is otherwise unlawful—the error must seriously affect the fairness, integrity or public reputation of judicial proceedings." *Id.* (brackets and internal quotation marks omitted).

Mr. Maurek asserts that enforcing his waiver would be "otherwise unlawful" because his 120-month sentence is excessive and he should have been granted a downward variance. But the "inquiry is not whether the sentence is unlawful, but whether the waiver itself is unlawful because of some procedural error or because no waiver is possible." *United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007); *see also United States v. Smith*, 500 F.3d 1206, 1212-13 (10th Cir. 2007) (recognizing that the "otherwise unlawful" "exception looks to whether 'the *waiver* is otherwise unlawful,' not to whether another aspect of the proceeding may have involved legal error" (citation omitted) (quoting *Hahn*, 359 F.3d at 1327)).

Mr. Maurek spends pages arguing about the unfairness of his sentence. While these arguments might be appropriate to challenge his sentence on direct appeal, our inquiry at this stage in the proceedings is on the lawfulness *of the waiver* not the lawfulness *of his sentence*. Because Mr. Maurek never explains why his waiver is otherwise unlawful, he has failed to demonstrate that enforcing the waiver will result in a miscarriage of justice.

3

Accordingly, we grant the motion to enforce and dismiss this appeal.

Entered for the Court
Per Curiam