**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 14, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JUAN CARLOS CHAIDEZ-GUERRERO,
a/k/a David Ochoa, a/k/a Tormenta, a/k/a
Carlos Rios Chavez, a/k/a Juan Carlos
Chaidez-Guerro,

    Defendant - Appellant.

No. 16-6233
(D.C. No. 5:15-CR-00159-HE-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **PHILLIPS**, and **MORITZ**, Circuit Judges.
_____

Juan Carlos Chaidez-Guerrero pleaded guilty to one count of possession with

intent to distribute five grams or more of methamphetamine, in violation of 21 U.S.C.

§ 841(a)(1). He was sentenced to 110 months of imprisonment, below the assessed

Sentencing Guidelines range of 121 to 151 months. Although his plea agreement

contained an appeal waiver, he appealed. The United States has moved to enforce the

appeal waiver under *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004)

_____

[*] This panel has determined unanimously that oral argument would not
materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.
This order and judgment is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(en banc) (per curiam). Through counsel, Mr. Chaidez-Guerrero has responded. We grant the motion to enforce.

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. A miscarriage of justice occurs "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Id.* at 1327 (internal quotation marks omitted). Mr. Chaidez-Guerrero contends that the appeal is outside the scope of the waiver and that enforcing the waiver would result in a miscarriage of justice because it is unlawful. He also invokes the doctrine of frustration of purpose.

***Scope of the Waiver***. Mr. Chaidez-Guerrero first asserts that the appeal is outside the scope of the waiver. In relevant part, the waiver provides that

> defendant waives his right to appeal his sentence as imposed by the Court, including any restitution, and the manner in which the sentence is determined. If the sentence is above the advisory guideline range determined by the Court to apply to his case, this waiver does not include the defendant's right to appeal specifically the substantive reasonableness of his sentence.

Mot. to Enforce, Attach. 1 at 6-7. Mr. Chaidez-Guerrero relies on the exception for an above-Guidelines sentence. He asserts that the district court erred in setting the Guidelines range because, based on double hearsay statements, it found a higher

2

quantity of drugs than the parties stipulated in the plea agreement. Thus, he argues, his sentence is above the *correct* Guidelines range, taking it outside the scope of the waiver.

This argument is meritless. The plain language of the plea agreement covers "the manner in which the sentence is determined" so long as the sentence is not greater than "the advisory guideline range *determined by the Court* to apply to his case." *Id.* (emphasis added). Mr. Chaidez-Guerrero was sentenced below the Guidelines range determined by the court. The appeal is within the scope of the waiver; to hold otherwise would render the waiver meaningless.

***Miscarriage of Justice***. Mr. Chaidez-Guerrero next asserts that the waiver is unlawful. He argues as follows:

> The quantity stipulation in the plea agreement is tied to the Guideline range and the appellate waiver. With respect to the appellate waivers within the plea agreement, the Guidelines are not advisory because the exceptions to the defendant's waiver of his constitutional right to appeal is inextricably linked to the court's determination of the Guideline range[;] the determination of the Guideline range must pass fundamental standards of due process. The government cannot bypass Mr. Chaidez's constitutional rights to due process and confrontation via the plea agreement contract.

Resp. at 5.

This argument focuses on the result of the proceeding, not the right Mr. Chaidez-Guerrero waived. *See United States v. Smith*, 500 F.3d 1206, 1213 (10th Cir. 2007). But the exception for an unlawful waiver "looks to whether the *waiver* is otherwise unlawful, not to whether another aspect of the proceeding may have involved legal error." *Id.* (citation and internal quotation marks omitted). "To

3

allow alleged errors in computing a defendant's sentence to render a waiver unlawful would nullify the waiver based on the very sort of claim it was intended to waive." *Id*.

To the extent that the argument perceives the parties' stipulation as to drug quantity as an integral, immutable part of the plea agreement, it is mistaken. As discussed below in connection with frustration of purpose, Mr. Chaidez-Guerrero was well aware that the district court was not bound to accept the parties' stipulation as to drug quantity. Further, to the extent that the argument asserts that a waiver cannot encompass constitutional rights, it again is mistaken. "It has long been established that a criminal defendant may waive many fundamental procedural and substantive rights, both constitutional and statutory." *United States v. Mitchell*, 633 F.3d 997, 1001 (10th Cir. 2011). The very *purpose* of a plea agreement is to secure a waiver of the defendant's rights. *See United States v. Cudjoe*, 534 F.3d 1349, 1357 (10th Cir. 2008) ("A defendant waives numerous constitutional rights when he enters into a plea agreement with the government."). Also, if Mr. Chaidez-Guerrero is implying that the waiver is unlawful because it applied in a way he did not anticipate, this court has held that appeal waivers are enforceable even though a defendant did not know exactly how the waiver might apply. *See Hahn*, 359 F.3d at 1326 (rejecting the argument that "a defendant can never knowingly and voluntarily waive his appellate rights because he cannot possibly know in advance what errors a district court might make in the process of arriving at an appropriate sentence").

4

***Frustration of Purpose***. Finally, Mr. Chaidez-Guerrero invokes the doctrine of frustration of purpose. Under this doctrine, the court may discharge performance of a contract when "a reasonably unforeseeable event intervenes, destroying the basis of the contract and creating a situation where performance by one party will no longer give the receiving party what induced him to enter into the contract in the first place." *United States v. Bunner*, 134 F.3d 1000, 1004 (10th Cir. 1998). We have established the following three elements for frustration of purpose: (1) "the frustrated purpose must have been so completely the basis of the contract that, as both parties understand, without it the transaction would make little sense"; (2) "the intervening event cannot fairly be regarded as within the risks the frustrated party assumed under the contract"; and (3) "the non-occurrence of the frustrating event must have been a basic assumption on which the contract was made." *Id.* (internal quotation marks omitted).

Mr. Chaidez-Guerrero has failed to satisfy these conditions. The record contradicts any inference that the district court's decision not to honor the parties' stipulation as to drug quantity was outside the risks of the plea agreement or that its non-occurrence was a basic assumption upon which the plea agreement was made. In the same plea-agreement section in which the parties stipulated the drug quantity they anticipated the government could prove, Mr. Chaidez-Guerrero "acknowledge[d] and underst[ood] that the Court [was] not bound by, nor obligated to accept, these stipulations, agreements, or recommendations of the United States or defendant." Mot. to Enforce, Attach. 1 at 5. And during the plea colloquy, the district court

5

specifically informed Mr. Chaidez-Guerrero (and he agreed) that the court would not be bound by the parties' stipulation and would sentence him based on the facts as it found them. *See id.*, Attach. 2 at 13. In these circumstances, it would not be appropriate to apply the doctrine of frustration of purpose.

For these reasons, the government's motion to enforce the plea agreement is granted and this matter is dismissed.

Entered for the Court
Per Curiam