**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ERIC MAURICE HARPER,

    Defendant - Appellant.

No. 20-6170
(D.C. No. 5:19-CR-00082-SLP-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **MORITZ**, Circuit Judges.
_____

Eric Harper pleaded guilty to distributing methamphetamine. In determining

the advisory sentencing-guidelines range, the district court classified Mr. Harper as a

career offender. Mr. Harper disputes his career-offender classification and seeks to

appeal. But his plea agreement included a broad waiver of his appellate rights, and

the government moves to enforce the waiver. We grant the motion.

We will enforce an appellate waiver if (1) "the disputed appeal falls within"

the waiver's scope; (2) "the defendant knowingly and voluntarily waived his

appellate rights"; and (3) enforcing the waiver would not "result in a miscarriage of

_____

[*]This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

justice." *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam). Mr. Harper does not dispute that his appeal fits within the scope of his waiver or that his waiver was knowing and voluntary. He contends only that enforcing his waiver would result in a miscarriage of justice.

Enforcing an appeal waiver causes a miscarriage of justice if (1) "the district court relied on an impermissible factor such as race"; (2) ineffective assistance of counsel in negotiating the waiver renders it invalid; (3) "the sentence exceeds the statutory maximum"; or (4) "the waiver is otherwise unlawful," seriously affecting the fairness, integrity, or public reputation of judicial proceedings. *Id.* at 1327 (internal quotation marks omitted).

Mr. Harper contends that the district court's alleged error in classifying him as a career offender renders his waiver unlawful. Our precedent requires us to reject this argument. At bottom, Mr. Harper alleges that the district court committed a legal error when it calculated his sentencing-guidelines range. And our cases make clear that the exception Mr. Harper invokes "looks to whether the *waiver* itself is unlawful, not to whether another aspect of the proceeding may have involved legal error." *United States v. Smith*, 500 F.3d 1206, 1213 (10th Cir. 2007) (citation and internal quotation marks omitted); *see also United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007) ("Our inquiry is not whether the sentence is unlawful, but whether the waiver itself is unlawful because of some procedural error or because no waiver is possible.").

2

Mr. Harper's reading of *Hahn* does not persuade us otherwise. Mr. Harper argues that *Hahn* looked "to the error alleged when analyzing the otherwise unlawful factor." Resp. at 6. But this argument relies on Part III.C of *Hahn*'s per curiam opinion, "an opinion concurring in the result" that did not receive a majority of the court's votes. *Hahn*, 359 F.3d at 1318.

Our precedent is clear: "To allow alleged errors in computing a defendant's sentence to render a waiver unlawful would nullify the waiver based on the very sort of claim it was intended to waive." *Smith*, 500 F.3d at 1213. Enforcing Mr. Harper's appellate waiver will not result in a miscarriage of justice.

We grant the government's motion to enforce the appellate waiver and dismiss this appeal.

Entered for the Court
Per Curiam