**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**July 22, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ERICK JORDAN,

    Defendant - Appellant.

No. 22-2042
(D.C. No. 1:21-CR-00275-KWR-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT***
_____

Before **TYMKOVICH**, Chief Judge, **KELLY** and **EID**, Circuit Judges.
_____

Erick Jordan pleaded guilty to being a felon in possession of a firearm and

ammunition in violation of 18 U.S.C. § 922(g)(1).  The district court applied a

four-level enhancement to the applicable offense level, increasing the advisory

sentencing guidelines range to 84 to 105 months in prison.  The court sentenced

Mr. Jordan to 84 months.  Although Mr. Jordan's plea agreement contained a waiver

of his right to appeal his sentence, he now seeks to appeal on the ground that the

district court improperly relied on hearsay testimony as support for the four-level

enhancement.  The government has filed a motion to enforce the appeal waiver under

_____

* This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam). We grant the government's motion and dismiss the appeal.

Under *Hahn*, we consider three factors in determining whether to enforce an appeal waiver in a plea agreement: (1) whether the disputed appeal falls within the scope of the waiver; (2) whether the waiver was knowing and voluntary; and (3) whether enforcing the waiver would result in a miscarriage of justice. *Id*. at 1325. Mr. Jordan does not assert that his appeal is outside the scope of his appeal waiver, so we need not address that factor, *see United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005).

Mr. Jordan's primary argument is that enforcing his appeal waiver would result in a miscarriage of justice. In *Hahn*, we held that enforcement of an appeal waiver does not result in a miscarriage of justice unless it would result in one of four situations: "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." 359 F.3d at 1327 (internal quotation marks omitted). Mr. Jordan contends the waiver is otherwise unlawful because misapplications of the guidelines seriously affect the fairness and integrity of judicial proceedings.

We have repeatedly rejected this argument. Mr. Jordan's argument focuses on the alleged sentencing error, not on the lawfulness of the waiver. But "[o]ur inquiry is not whether the sentence is unlawful, but whether the waiver itself is unlawful because of

some procedural error or because no waiver is possible." *United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007). "To allow alleged errors in computing a defendant's sentence to render a waiver unlawful would nullify the waiver based on the very sort of claim it was intended to waive." *United States v. Smith*, 500 F.3d 1206, 1213 (10th Cir. 2007). Mr. Jordan's contention that the district court miscalculated the guideline range does not explain how his waiver here is otherwise unlawful.[1]

Mr. Jordan also argues that his waiver was not knowing and voluntary. We examine two factors in determining whether Mr. Jordan knowingly and voluntarily waived his appellate rights: "(1) whether the language of the plea agreement states that he entered the agreement knowingly and voluntarily, and (2) whether the record reveals an adequate colloquy under Federal Rule of Criminal Procedure 11." *Sandoval*, 477 F.3d at 1207. Mr. Jordan does not challenge the adequacy of the colloquy, and he expressly agreed in the plea agreement that his guilty plea was "freely and voluntarily made." R. vol. 1 at 27. In addition, just above his signature, Mr. Jordan affirmed the agreement had been read to him in a language he understood,

---

[1] We acknowledge Mr. Jordan's reliance on Supreme Court precedent discussing guideline errors in the context of plain-error review, particularly *Rosales-Mireles v. United States*, 138 S. Ct. 1897 (2018). But this precedent does not alter the requirement that to fit within *Hahn*'s fourth miscarriage-of-justice situation the defendant must show that the waiver itself is otherwise unlawful. We also note that under the Supreme Court's plain-error precedent, a court may not exercise its discretion to correct a guideline error not raised before the district court if the error "has . . . been intentionally relinquished or abandoned." *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016).

he had carefully discussed every part of the agreement with his attorney, and he understood the terms of the agreement and voluntarily agreed to them. *Id.* at 29.

Still, Mr. Jordan argues his appeal waiver was not made knowingly and voluntarily, for two reasons. First, he argues the plea agreement says the guideline range would be calculated correctly. The relevant language states only that "[t]he United States agrees to recommend the low-end of the correctly-calculated, applicable guideline range." *Id.* at 23. Nothing in that statement limits the appeal waiver, which appears in an altogether separate section of the agreement. Second, Mr. Jordan notes that during the sentencing hearing his counsel attempted to preserve a challenge to the guidelines calculation. He argues that this demonstrates that all parties "were under the impression that Mr. Jordan was preserving the challenge for appeal." Resp. to Mot. to Enforce at 8. But the plea agreement says it is "a complete statement of the agreement . . . and may not be altered unless done so in writing and signed by all parties." *Id.* at 28. Counsel's oral statements in court therefore did not alter the appeal waiver contained in the plea agreement.

For the foregoing reasons, we grant the government's motion to enforce the appeal waiver and dismiss the appeal. Mr. Jordan's motion for leave to file a reply is granted.

Entered for the Court
Per Curiam