**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**August 29, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARTIN RIVERA-TAVIRA,

    Defendant - Appellant.

No. 22-6060
(D.C. No. 5:21-CR-00067-F-1)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **KELLY**, and **HOLMES**, Circuit Judges.

---

Martin Rivera-Tavira pleaded guilty to drug conspiracy in violation of

21 U.S.C. § 846 and possession of material containing child pornography in violation

of 18 U.S.C. § 2252A(a)(5)(B). The district court sentenced Mr. Rivera-Tavira to

210 months in prison and five years of supervised release. Although his plea

agreement contained an appeal waiver, Mr. Rivera-Tavira now seeks to appeal his

sentence. The government has filed a motion to enforce the appeal waiver under

*United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

We grant the government's motion and dismiss the appeal.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The presentence report submitted to the district court set Mr. Rivera-Tavira's total offense level at 41. This was based on certain enhancements such as the amount of methamphetamine attributed to Mr. Rivera-Tavira. This offense level, combined with Mr. Rivera-Tavira's criminal history category of I, resulted in an advisory guideline range of 324 to 405 months. Mr. Rivera-Tavira objected to the presentence report on several grounds, including that "the methamphetamine guidelines . . . are the product of political considerations rather than the Sentencing Commission acting in its usual institutional role." Resp. at 5. Mr. Rivera-Tavira claimed the advisory guideline range should have been 168 to 210 months.

The district court agreed with one of Mr. Rivera-Tavira's objections, reducing the guideline range to 262 to 327 months. The district court then varied downward based on Mr. Rivera-Tavira's lack of criminal history, and sentenced him to 210 months. He now seeks to appeal his sentence on the ground that it is excessive and fails to fulfill the purposes of punishment set forth in 18 U.S.C. § 3553(a).

We consider three factors in determining whether to enforce an appeal waiver in a plea agreement: (1) whether the disputed appeal falls within the scope of the waiver; (2) whether the waiver was knowing and voluntary; and (3) whether enforcing the waiver would result in a miscarriage of justice. *Hahn*, 359 F.3d at 1325. Mr. Rivera-Tavira does not dispute the first two factors, so we need not address them, *see United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005).

Mr. Rivera-Tavira argues that enforcing the appeal waiver would be a miscarriage of justice because his sentence is "otherwise unlawful" and would

"seriously affect[] the fairness, integrity or public reputation of judicial proceedings." *Hahn*, 359 F.3d at 1327 (internal quotation marks omitted). In particular, he contends his sentence is excessive in view of the length and degree of his involvement in the drug business. He also asserts that his objections to the presentence report have merit. But those arguments focus on the result of the proceeding, not the right Mr. Rivera-Tavira waived. *See United States v. Smith*, 500 F.3d 1206, 1213 (10th Cir. 2007). The exception for an unlawful waiver "looks to whether the *waiver* is otherwise unlawful, not to whether another aspect of the proceeding may have involved legal error." *Id.* (citation and internal quotation marks omitted). Mr. Rivera-Tavira's contention that his sentence is excessive does not explain how his waiver here is otherwise unlawful.

For the foregoing reasons, we grant the government's motion to enforce the appeal waiver and dismiss the appeal.

Entered for the Court
Per Curiam
