FILED
United States Court of Appeals
Tenth Circuit

February 27, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TYRONE HENRY TANNER,

Defendant-Appellant.

No. 13-6183
(D.C. No. 5:12-CR-00065-D-4)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before **BRISCOE**, Chief Judge, **GORSUCH** and **HOLMES**, Circuit Judges.

After entering into a plea agreement that included a waiver of his right to

appeal, defendant Tyrone Henry Tanner pleaded guilty to one count of conspiring to

possess with intent to distribute, and to distribute, several controlled substances and

one count of money laundering.  By stipulation the agreement attributed 2,999

kilograms of marijuana-equivalent to Mr. Tanner in connection with the first count

---

[*]     This panel has determined that oral argument would not materially assist the
determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The
case is therefore ordered submitted without oral argument.  This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and $6,800 in laundered drug proceeds in connection with the second. The district court sentenced Mr. Tanner to 135 months' imprisonment on each count, to run concurrently, a term within the applicable guideline range of 135 to 168 months determined by the court. Mr. Tanner then filed this appeal, despite the broad waiver of appeal rights included in his plea agreement. The government has filed a motion to enforce that waiver. We grant the motion and dismiss the appeal.

The government's motion explains in facially sufficient fashion that this appeal falls within Mr. Tanner's appeal waiver, that the waiver was knowing and voluntary, and that there are no circumstances to suggest a miscarriage of justice to excuse the waiver. *See generally United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam) (summarizing three components of court's inquiry when enforcing appeal waiver). In response, after noting two sentencing objections urged by his client, counsel for Mr. Tanner conceded there were no grounds upon which to oppose application of the appeal waiver and moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967). We gave Mr. Tanner an opportunity to reply to counsel's filing, but (despite a lengthy extension) the deadline for that response has passed without anything forthcoming from Mr. Tanner.

When appellate counsel moves to withdraw under *Anders*, we must examine the proceedings and determine whether the appeal is "wholly frivolous." *Id.* at 744. In the present context, that means we must assess whether there is a non-frivolous

argument to be made in opposition to the government's motion to enforce the appeal waiver. We agree with counsel that there is not.

The plea agreement states that defendant "knowingly and voluntarily waives his right to . . . [a]ppeal . . . his guilty plea, sentence and restitution imposed, and any other aspect of his conviction." Dist. Ct. doc. 164 at 9. Specifically as to sentence, the agreement states that he waives his right to appeal "his sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the advisory guideline range determined by the Court to apply to this case." *Id.* at 10. The two sentencing objections identified by counsel, involving the denial of safety-valve adjustment under U.S.S.G. § 5C1.2(a) and the imposition of a firearm enhancement under U.S.S.G. § 2D1.1(b)(1), fall squarely within the waiver. And since these only involve sentence-guideline computations, even if erroneous they would not qualify as miscarriages of justice to excuse the waiver. *See United States v. Smith*, 500 F.3d 1206, 1213 (10th Cir. 2007) ("To allow alleged errors in computing a defendant's sentence to render [an appeal] waiver unlawful would nullify the waiver based on the very sort of claim it was intended to waive."); *see also United States v. Polly*, 630 F.3d 991, 1001-02 (10th Cir. 2011) (following *Smith*).

Finally, nothing in the record undercuts the representations of a knowing and voluntary waiver in the agreement. On the contrary, the plea colloquy confirmed those representations.

Because it appears it would be wholly frivolous for Mr. Tanner to oppose the government's motion to enforce his appeal waiver, we grant that motion as well as counsel's motion to withdraw. The appeal is dismissed.

Entered for the Court
Per Curiam