**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 31, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

　　Plaintiff - Appellee,

v.

DREW BLANTON,

　　Defendant - Appellant.

No. 18-6118
(D.C. No. 5:17-CR-00140-M-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HARTZ** and **O'BRIEN**, Circuit Judges.
_____

Drew Blanton pleaded guilty to one count of bank robbery. In his plea

agreement, he waived his right to appeal his sentence and the manner in which it was

determined, unless it was above the advisory guideline range determined by the court

to apply. Mr. Blanton was sentenced to 78 months in prison, which was the bottom

of the guideline range of 78 to 97 months the district court determined applied to his

case. Despite the appellate waiver in his plea agreement, he filed a notice of appeal.

His docketing statement indicates he wants to challenge his sentence. The

government has filed a motion to enforce the appellate waiver in the plea agreement

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

pursuant to *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam). We grant the motion and dismiss this appeal.

Mr. Blanton first argues that the motion to enforce should be denied because it was not timely filed. While the motion appears to have been submitted one day late, *see* 10th Cir. R. 27.3(A)(3)(b), we accept it for consideration. *See* 10th Cir. R. 2.1 (permitting the court to "suspend any part of these rules in a particular case on its own or on a party's motion"); *see also* Fed. R. App. P. 2 (permitting court of appeals to suspend any provision of the rules in a particular case to expedite its decision or for other good cause).

We now turn to the substance of the motion. In reviewing a motion to enforce an appeal waiver, we conduct the following three-prong analysis: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice[.]" *Hahn*, 359 F.3d at 1325. Mr. Blanton concedes that his appeal falls within the scope of his waiver of appellate rights and that he knowingly and voluntarily waived his appellate rights. He argues, however, that enforcing the waiver would result in a miscarriage of justice. We disagree.

In *Hahn*, we held that enforcement of an appellate waiver does not result in a miscarriage of justice unless one of four situations exist: (1) "the district court relied on an impermissible factor such as race"; (2) "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid"; (3) "the

2

sentence exceeds the statutory maximum"; or (4) "the waiver is otherwise unlawful." *Id*. at 1327 (internal quotation marks omitted). To satisfy the fourth situation, "the error must seriously affect the fairness, integrity or public reputation of judicial proceedings." *Id*. (brackets and internal quotation marks omitted).

Mr. Blanton contends that his appeal waiver "is 'otherwise unlawful' because the district court's error in applying the Guidelines and denying [his] *Motion for Downward Variance* was so egregious that it affected the fairness, integrity, and reputation of the proceedings." Resp. to Mot. to Enforce at 4. But this argument has to do with whether his sentence is unlawful, not whether the appeal waiver is unlawful, and that is the wrong inquiry. *See United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007) ("Our inquiry is not whether the sentence is unlawful, but whether the waiver itself is unlawful because of some procedural error or because no waiver is possible.").

Mr. Blanton has not offered any argument as to how his appeal waiver is unlawful. Instead, his arguments all relate to alleged errors the district court committed in sentencing him; he asserts that the district court erred in overruling his objection to a four-level increase and in denying his request for a downward variance. *See* Resp. at 4-7. But, as we have explained, the "otherwise unlawful" exception to an appeal waiver "looks to whether the *waiver* is otherwise unlawful, not to whether another aspect of the proceeding may have involved legal error." *United States v. Smith*, 500 F.3d 1206, 1213 (10th Cir. 2007) (internal citation and

3

quotation marks omitted). Mr. Blanton has therefore failed to show that enforcing the appellate waiver in his plea agreement will result in a miscarriage of justice.

Accordingly, we grant the motion to enforce and dismiss this appeal.

Entered for the Court
Per Curiam