**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**February 14, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SEVERANO CEBALLOS MARTINEZ,
a/k/a Juan Mendoza Carlos,

    Defendant - Appellant.

No. 22-2080
(D.C. No. 1:21-CR-00597-JB-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **MORITZ**, and **EID**, Circuit Judges.
_____

Defendant Severano Ceballos Martinez[1] pleaded guilty to possession with intent to distribute more than 500 grams of methamphetamine. The district court sentenced him to 210 months in prison, which was at the low end of the advisory guidelines range. He filed an appeal despite the appeal waiver in his plea agreement.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] In the change-of-plea and sentencing hearings, the court referred to the defendant as Mr. Martinez, and that is how the government refers to him in its motion to enforce. But in his response to the motion, the defendant refers to himself as Mr. Ceballos. For consistency with the district court proceedings, we refer to the defendant as Mr. Martinez in this decision.

The government now moves to enforce the appeal waiver and to dismiss this appeal. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc).

I. Discussion

In deciding whether to enforce an appeal waiver, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. Mr. Martinez does not argue that his appeal is outside the scope of his appeal waiver, so we need not address that issue. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005). He contends his appeal waiver was not knowing and voluntary because his guilty plea was not knowing and voluntary. He also asserts that enforcing the appeal waiver would result in a miscarriage of justice.

A. *Knowing and Voluntary*

"[I]n determining whether an appellate waiver is knowing and voluntary under *Hahn*, we may consider whether the entire plea agreement, including the plea, was entered knowingly and voluntarily." *United States v. Rollings*, 751 F.3d 1183, 1186 (10th Cir. 2014). Mr. Martinez contends that the magistrate judge[2] "erred in failing to ensure [his] guilty plea was knowing and voluntary after learning that he had no education whatsoever and was functionally illiterate." Resp. at 6.

---

[2] Mr. Martinez consented to have a magistrate judge preside over his change-of-plea hearing.

As in *Rollings*, because defense counsel did not object to the validity of the plea at any point in the proceedings, we review Mr. Martinez's argument solely for plain error. 751 F.3d at 1191. Under the "demanding" plain-error standard, "he must demonstrate: (1) an error, (2) that is plain, which means clear or obvious under current law, and (3) that affects substantial rights." *United States v. Rosales-Miranda*, 755 F.3d 1253, 1258 (10th Cir. 2014) (internal quotation marks omitted). "If he satisfies these criteria, this Court *may* exercise discretion to correct the error if (4) it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

Mr. Martinez argues that the magistrate judge failed to conduct a sufficient inquiry into whether his lack of education and literacy affected his understanding of the proceedings and the voluntariness of his guilty plea. We are not persuaded by this argument. Instead, we agree with the government that the magistrate judge fully complied with Federal Rule of Criminal Procedure 11(b) in evaluating whether Mr. Martinez was knowingly and voluntarily pleading guilty.

Rule 11(b) states that before accepting a guilty plea, the court must address the defendant in open court and determine that the defendant understands, among other things: the nature of his trial rights and the waiver of those rights if he pleads guilty, the "nature of each charge to which the defendant is pleading," "any maximum possible penalty, including imprisonment, fine, and term of supervised release," "the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence," and "that, if convicted, a defendant who is not a United States

3

citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future." Fed. R. Crim. P. 11(b)(1)(C)-(H), (N)-(O).

At the change of plea hearing, the magistrate judge described Mr. Martinez's trial rights, and explained that Mr. Martinez would be giving up those rights if he pled guilty. When asked, Mr. Martinez said he understood and that he was willing to give up those rights. The magistrate judge also explained the consequences of pleading guilty given Mr. Martinez's status as a non-citizen, and he said he understood those consequences. The magistrate judge confirmed that Mr. Martinez received a copy of the indictment, that it was read to him in Spanish, and that he understood the charge to which he would be pleading guilty. The magistrate judge asked the government's attorney to recite the potential penalties, and Mr. Martinez affirmed that he understood them. The magistrate judge next explained how sentencing would work and confirmed that defense counsel had talked to Mr. Martinez about the sentencing guidelines and how they might apply in his case. The magistrate judge asked several questions to ensure Mr. Martinez understood that the guidelines are not binding, and that defense counsel could give an estimate of the guidelines range, but if the estimate turned out to be different than what the district court decides, then Mr. Martinez would not be able to withdraw his guilty plea.

The magistrate judge next turned to the plea agreement, confirming that Mr. Martinez signed the agreement after it was read to him in Spanish. Mr. Martinez affirmed that defense counsel explained the plea agreement to him and answered any

questions before Mr. Martinez signed it, and that he understood each and every term in his plea agreement. The magistrate judge explained that the district court could impose a harsher sentence than Mr. Martinez anticipated, but he would not be able to withdraw his guilty plea.

Mr. Martinez also confirmed that he talked with defense counsel about the facts and circumstances of his case, what the government would have to prove for him to be found guilty beyond a reasonable doubt, the evidence and the discovery that the prosecutor provided, and any possible defenses. The magistrate judge then reviewed the waiver provision in the plea agreement, asking Mr. Martinez if he understood the appellate rights that he would be giving up, and Mr. Martinez affirmed his understanding of the appellate waiver.

The magistrate judge next asked Mr. Martinez to tell the court in his own words what he did that made him guilty of the offense to which he was pleading guilty. Mr. Martinez explained that he drove a vehicle knowing it contained methamphetamine and he planned to give those drugs to somebody when he arrived at an apartment in Albuquerque. When asked, he admitted he was pleading guilty because he was in fact guilty of the charge against him. He also confirmed that no one was forcing him, threatening him, or promising him anything to get him to plead guilty.

Finally, the magistrate judge asked if Mr. Martinez understood everything that had been explained to him and all the questions that were asked, and he answered yes. The magistrate judge asked if Mr. Martinez had any questions before going

forward, and he said no.  The magistrate judge read the charge and asked

Mr. Martinez if he would plead guilty or not guilty.  After Mr. Martinez answered,

"[g]uilty," the magistrate judge found that Mr. Martinez was "competent and capable

of entering an informed plea, that [he was] aware of the nature of the charge against

[him] and the consequences of [his] plea and that [his] plea [was] knowing and

voluntary and supported by sufficient facts."  Mot. to Enf., Ex. 2 at 22.  The

magistrate judge therefore accepted the plea and adjudged Mr. Martinez guilty.

Before proceeding further, the magistrate judge asked defense counsel if he had any

objections or concerns about the way the plea hearing was conducted, and counsel

said no.

In his response to the motion to enforce, Mr. Martinez does not explain why

the magistrate judge's questioning was unsatisfactory, nor does he identify any

questions he thinks the magistrate judge should have asked instead.  He also does not

assert that he did not understand the charges, the evidence, his potential defenses, the

potential penalties, the plea agreement, or the appeal waiver.

Mr. Martinez has cited no authority requiring the magistrate judge to conduct

the additional, unspecified inquiry he now claims was missing.  Although he cites to

several cases from other circuits to support his argument, those authorities are

inapposite because they involved defendants who had taken medications before their

change-of-plea hearings, but the court did not further inquire about the effects those

medications might have on the defendant's capacity to enter a voluntary and

intelligent plea.  *See, e.g.*, *United States v. Parra-Ibanez*, 936 F.2d 588, 595-96

(1st Cir. 1991). By contrast, there is no reason to assume an uneducated or even an illiterate defendant is unable to knowingly and voluntarily decide whether or not to plead guilty. "[A] guilty plea is valid if it represents a voluntary and intelligent choice among the alternatives open to the defendant." *United States v. Gigley*, 213 F.3d 509, 516 (10th Cir. 2000).

The magistrate judge ensured that Mr. Martinez's attorney had explained the proceedings and the options available to him, and the magistrate judge also confirmed that Mr. Martinez understood his rights, and the consequences of his decision to plead guilty. Given Mr. Martinez's alleged illiteracy and his apparent inability to speak English, the magistrate judge further confirmed that both the indictment and the plea agreement were read to him in Spanish. Finally, Mr. Martinez's answers to the magistrate judge's questions at the hearing were coherent and responsive; nothing about them indicated any lack of understanding on his part.

The magistrate judge's plea colloquy complied with Rule 11(b) and demonstrated Mr. Martinez knowingly and voluntarily pled guilty; he has therefore failed to show the magistrate judge erred. But even if we assume error, Mr. Martinez has not shown plain error.

"An error is plain if it is clear or obvious under current, well-settled law." *United States v. Faulkner*, 950 F.3d 670, 678 (10th Cir. 2019) (internal quotation marks omitted). "For an error to be plain and contrary to well-settled law, either this court or the Supreme Court must have addressed the issue." *Id.* (internal quotation

marks omitted).  Mr. Martinez cannot show plain error because he has failed to point to any provision of Rule 11, or any case from the Supreme Court or this court, requiring a trial court to conduct an inquiry beyond that required by Rule 11(b) upon learning that a defendant has no formal education or is illiterate.

Because Mr. Martinez cannot show his plea was not knowing and voluntary, he likewise cannot show that his appeal waiver was not knowing and voluntary.

B.  *Miscarriage of Justice*

Mr. Martinez contends that enforcing his appeal waiver would result in a miscarriage of justice.  A miscarriage of justice occurs: "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful."  *Hahn*, 359 F.3d at 1327 (internal quotation marks omitted).

Here, Mr. Martinez argues that he received ineffective assistance of counsel because "there was no objective reason for defense counsel to insist that [he] enter into an agreement with the government, let alone one that included a comprehensive appeal waiver," and "he could have been better off pleading guilty to the indictment without an agreement."  Resp. at 11.  He also appears to argue that his appeal waiver is otherwise unlawful because of an alleged error in the calculation of his criminal history points.

We have explained that "a defendant must generally raise claims of ineffective assistance of counsel in a collateral proceeding, not on direct review."  *Porter*,

8

405 F.3d at 1144. And we have further explained that this "[t]his rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel." *Id.* To the extent Mr. Martinez is seeking to invalidate his appeal waiver based on ineffective assistance of counsel, he must raise that claim in a collateral proceeding.

As for his argument about the alleged error in calculating his criminal history points, Mr. Martinez "misunderstands the miscarriage of justice exception to enforcement of a waiver of appellate rights," which "looks to whether the *waiver* is otherwise unlawful, not to whether another aspect of the proceeding may have involved legal error." *United States v. Smith*, 500 F.3d 1206, 1212-13 (10th Cir. 2007) (internal quotation marks omitted). Any alleged error in the calculation of his criminal history points does not demonstrate that Mr. Martinez's appeal waiver is unlawful. *See id.* at 1213. ("To allow alleged errors in computing a defendant's sentence to render a waiver unlawful would nullify the waiver based on the very sort of claim it was intended to waive."). And he offers no other argument that addresses how his *waiver* is otherwise unlawful.

II. Conclusion

For the foregoing reasons, we grant the government's motion to enforce the appeal waiver and dismiss this appeal.

Entered for the Court<br>
Per Curiam