**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**March 30, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JUAN JABARI HOLLIS,
a/k/a Juan Jabari Shinault,

    Defendant - Appellant.

No. 22-6208
(D.C. No. 5:20-CR-197-G-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McHUGH**, and **CARSON**, Circuit Judges.
_____

Juan Jabari Hollis pleaded guilty to witness tampering and being a felon in possession of a firearm. The district court sentenced him to a 120-month prison term on the felon-in-possession charge, concurrent with a 150-month prison term (the high end of the guidelines range) on the witness-tampering charge. He has appealed from that sentence, but his plea agreement contains an appeal waiver. The government now moves to enforce that waiver under *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc).

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

When deciding a motion to enforce an appeal waiver, we normally ask: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. But we need not address any *Hahn* factor the defendant does not contest. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005). Hollis concedes the first two factors, so we will proceed directly to the miscarriage-of-justice factor.

In this context, a miscarriage of justice occurs "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327 (bracketed numerals in original; internal quotation marks omitted). Hollis argues that the fourth possibility ("otherwise unlawful") applies to him. He says the district court incorrectly overruled some of his sentencing objections, and, as a result, miscalculated the offense level, leading to an erroneously inflated guidelines range.

"[Hollis] misunderstands the miscarriage of justice exception to enforcement of a waiver of appellate rights. This exception looks to whether the *waiver* is otherwise unlawful, not to whether another aspect of the proceeding may have involved legal error." *United States v. Smith*, 500 F.3d 1206, 1212–13 (10th Cir. 2007) (internal quotation marks and citation omitted). Further, Hollis expressly waived the right to appeal "the manner in which the sentence is determined." Mot. to

Enforce Appellate Waiver, Attach. 1 at 9, ¶ 15(b). "To allow alleged errors in computing a defendant's sentence to render a waiver unlawful would nullify the waiver based on the very sort of claim it was intended to waive." *Smith*, 500 F.3d at 1213.

For these reasons, we reject Hollis's miscarriage-of-justice challenge, grant the government's motion to enforce the appeal waiver, and dismiss this appeal.

Entered for the Court
Per Curiam
