**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 14, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOSE ABEL OTERO-CORREA,

    Defendant - Appellant.

No. 24-1466
(D.C. No. 1:23-CR-00106-CNS-21)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **PHILLIPS**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

Jose Abel Otero-Correa pleaded guilty to engaging in drug and money-laundering conspiracies. Varying downward from the Guidelines range, the district court imposed a 96-month sentence. Mr. Otero-Correa appealed, and the government has moved to enforce the appeal waiver contained in his plea agreement. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam). Mr. Otero-Correa has opposed the motion to enforce, and the government has replied in support of its motion.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*Hahn* directs us to consider (1) whether the appeal falls within the scope of the waiver; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice. *Id.* at 1325. Mr. Otero-Correa argues only that enforcing the waiver would result in a miscarriage of justice. We need not address a *Hahn* element that the defendant does not contest, *see United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005), so we focus on the miscarriage-of-justice element.

Mr. Otero-Correa asserts that enforcing the waiver "would constitute a miscarriage of justice because the district court issued a substantively unreasonable sentence. While the district court did vary downward from the guideline range, it abused its discretion when it did not issue an even lower sentence based upon the particular facts of this case." Aplt. Resp. at 2. Faulting the district court for calculating the Guidelines range based on pure methamphetamine rather than a methamphetamine mixture, he concludes that the district court imposed an "unduly harsh sentence" because it made "an error of law." *Id.* at 4.

In *Hahn*, we held that only four specified categories of error satisfy the miscarriage-of-justice element: (1) "the district court relied on an impermissible factor such as race"; (2) "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid"; (3) "the sentence exceeds the statutory maximum"; or (4) "the waiver is otherwise unlawful." 359 F.3d at 1327 (internal quotation marks omitted). Mr. Otero-Correa's argument that the sentence is substantively unreasonable does not satisfy any of these categories.

2

To the extent Mr. Otero-Correa implicitly contends the waiver is otherwise unlawful, we have rejected the proposition that an error in calculating a sentence makes an appeal waiver unlawful. "[T]he miscarriage-of-justice exception . . . looks to whether the *waiver* is otherwise unlawful, not to whether another aspect of the proceeding may have involved legal error." *United States v. Smith*, 500 F.3d 1206, 1212-13 (10th Cir. 2007) (citation and internal quotation marks omitted). "To allow alleged errors in computing a defendant's sentence to render a waiver unlawful would nullify the waiver based on the very sort of claim it was intended to waive." *Id.* at 1213; *see also United States v. Leyva-Matos*, 618 F.3d 1213, 1217 (10th Cir. 2010) ("An appeal waiver is not 'unlawful' merely because the claimed error would, in the absence of waiver, be appealable. To so hold would make a waiver an empty gesture." (internal quotation marks omitted)). Accordingly, Mr. Otero-Correa's assertion that the district court made a legal error in calculating his sentence fails to show enforcing the appeal waiver would result in a miscarriage of justice.

We grant the government's motion to enforce the appeal waiver and dismiss this appeal.

Entered for the Court

Per Curiam

3