FILED
**United States Court of Appeals**
**Tenth Circuit**

**March 27, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

In re: Contempt Proceedings Against
DANIEL E. CARPENTER.

-------------------------------

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DANIEL E. CARPENTER,

    Defendant - Appellant.

Nos. 25-6198 & 26-6003
(D.C. Nos. 5:24-MC-00005-GKF-1 &
5:14-FJ-00005-HE-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **MORITZ**, and **CARSON**, Circuit Judges.
_____

In June 2024, the district court ordered Daniel E. Carpenter to show cause why

he should not be held in criminal contempt for violating a court order prohibiting him

from interfering with certain assets in a civil-litigation matter. In February 2025,

Carpenter pleaded guilty pursuant to a plea agreement to criminal contempt in

violation of 18 U.S.C. § 401(3). The district court sentenced him to zero months in

prison, and five years of supervised release. The court also imposed a $100,000 fine.

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Carpenter moved the district court to correct his sentence pursuant to Federal Rule of Criminal Procedure 35(a), but the court dismissed the motion for lack of jurisdiction.

Carpenter now seeks to appeal from his conviction and sentence (Appeal No. 25-6198), and from the district court's dismissal of his Rule 35(a) motion (Appeal No. 26-6003). His plea agreement contains an appeal waiver, which the government moves to enforce under *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004). We grant the motion and dismiss these appeals.

In determining whether to enforce an appeal waiver under *Hahn*, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. The government argues Carpenter's appeals are within the scope of the waiver, he knowingly and voluntarily waived his appeal rights, and enforcing the waiver would not result in a miscarriage of justice. Carpenter filed a response in opposition to the motion,[1] and the government filed a reply in support of its motion.

*Breach of the Plea Agreement*

Carpenter first argues that the government breached the plea agreement. But in support of his argument, he does not point to any actions the government took; instead, he points to the district court's decision to impose a $100,000 fine and

---

[1] Carpenter does not dispute that his appeals are within the scope of his waiver, so we need not address that *Hahn* factor. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005).

five-year term of supervised release. *See* Resp. at 3 (asserting "the District Court breached the plea agreement by ordering supervised release" and "the plea agreement was breached because the $100,000 fine exceeds the maximum fine for federal criminal contempt" (footnote omitted)); *id.* at 5 (arguing that "sentencing Mr. Carpenter to supervised release expressly violates the plea agreement"). The district court, however, is not a party to the plea agreement and therefore it could not breach the agreement. Carpenter has not shown the government breached the agreement.

*Jurisdictional Argument*

Carpenter next argues that he asserted jurisdictional error in the district court, which he contends cannot be waived. We agree that a defendant's appellate waiver does not waive his right to appeal a judgment entered without jurisdiction. *See United States v. Luna-Acosta*, 715 F.3d 860, 863 (10th Cir. 2013). But Carpenter's jurisdictional arguments in district court challenged the court's jurisdiction over the underlying civil suit, not the jurisdiction of the court to enter judgment for criminal contempt. And the district court's authority to hold Carpenter in criminal contempt is separate from its jurisdiction over the underlying civil matter. *See United States v. Straub*, 508 F.3d 1003, 1009 (11th Cir. 2007) ("[T]he adjudication of a charge of criminal contempt does not require an assessment of the legal merits of the underlying controversy, so the court that hears the criminal contempt charge does not adjudicate a controversy over which it lacks jurisdiction."). Carpenter's allegations of jurisdictional error related to the underlying civil suit do not permit him to avoid

3

the enforcement of the appeal waiver with respect to the district court's separate criminal-contempt judgment.[2]

*Knowing and Voluntary*

Carpenter also argues that he "clearly did not knowingly or voluntarily agree to a sentence of $100,000 or to be under Supervised Release for five years." Resp. at 5; *id.* at 14. When assessing whether an appeal waiver "is knowing and voluntary, we especially look to two factors": (1) "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily," and (2) whether the district court conducted "an adequate Federal Rule of Criminal Procedure 11 colloquy." *Hahn*, 359 F.3d at 1325. "[T]he defendant . . . bears the burden of demonstrating his waiver was not knowing and voluntary." *United States v. Tanner*, 721 F.3d 1231, 1233 (10th Cir. 2013) (brackets and internal quotation marks omitted).

In his plea agreement, Carpenter "knowingly and voluntarily waive[d] the following rights:" (1) "the right to appeal [his] guilty plea, and any other aspect of [his] conviction"; (2) "the right to appeal [his] sentence, including any fines," if he "receive[d] a sentence of no (0) months of incarceration"; and (3) "the right to appeal . . . the length and conditions of supervised release." Mot. to Enforce, Attach. 1 at 8-9 (plea agreement). But Carpenter does not address the language of his plea agreement. Although he asserts he did not knowingly and voluntarily agree to the

---

[2] Carpenter's other arguments in this section are attacks on the merits of his contempt conviction. He argues the show-cause order and underlying injunction lacked specificity and were ambiguous, and the alleged acts were not contempt. These arguments fall within the scope of his appeal waiver.

$100,000 fine or five years of supervised release, "the law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances—even though the defendant may not know the *specific detailed* consequences of invoking it." *United States v. Sandoval*, 477 F.3d 1204, 1207 (10th Cir. 2007) (internal quotation marks omitted).  We have rejected the notion "that a defendant must know with specificity the result he forfeits before his waiver is valid." *Id.* at 1208 (internal quotation marks omitted).  In his plea agreement, Carpenter knowingly and voluntarily waived his right to appeal any fine and the length of supervised release.

During the plea colloquy, the district court also asked Carpenter about his understanding of the potential fine and term of supervised release he was facing.  The following exchange took place:

> THE COURT: Do you understand that the Court may impose a fine for this offense at the Court's discretion?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: In other words, there is no statutory limit for a fine in this matter.  Do you understand that, sir?
>
> THE DEFENDANT: Yes, Your Honor.
>
> . . .
>
> THE COURT: Do you also understand, sir, that the Court may impose a term of supervised release not to exceed five years?
>
> THE DEFENDANT: Yes, Your Honor.

Mot. to Enforce, Attach. 2 at 7.  Carpenter affirmed his understanding that the court had

discretion to impose a fine of any amount and that the court could also impose a term of

supervised release up to five years.

The court also asked about Carpenter's understanding of the waivers in his

plea agreement, both generally and specifically.  In response to a question from the

court, Carpenter affirmed that he understood "by entering into this plea agreement

and entering a guilty plea, [he] will have waived or given up most of [his] rights to

appeal or collaterally attack all or part of [his] sentence or fine[.]"  *Id.* at 9.

The court then reviewed each of the specific waivers in Carpenter's plea

agreement:

> THE COURT: All right. We need to go through each of the specifics
> contained on pages 8 and 9 of your plea agreement with regard to your
> waivers of . . . the right to appeal.
>
> Paragraph 12-A of the plea agreement states that you waive the right to
> appeal your guilty plea and any other aspect of [your] conviction, including
> any other pretrial dispositions of motions and issues; do you understand
> that, sir?
>
> THE DEFENDANT: Yes, Your Honor.
>
> . . .
>
> THE COURT: . . . So the second waiver here, Mr. Carpenter, on page 8 of
> the plea agreement is that, if you receive a sentence of zero months
> incarceration, you waive the right to appeal your sentence, including any
> fines or restitution and the manner in which the sentence is determined,
> including its procedural reasonableness; do you understand that, sir?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: The third waiver in (c) to paragraph 12 is that you waive the
> right to appeal or collaterally challenge the length and conditions of
> supervised release . . . ; do you understand that waiver, sir?

6

THE DEFENDANT: Yes, Your Honor.

*Id.* at 9, 13.

The district court conducted a detailed plea colloquy where it reviewed the appeal waiver in the plea agreement with Carpenter, and he affirmed his understanding that he was waiving his right to appeal any fine and the length of supervised release.

Carpenter has failed to meet his burden to demonstrate his appeal waiver was not knowing and voluntary.

*Miscarriage of Justice*

Finally, Carpenter argues that enforcing the appeal waiver would result in a miscarriage of justice. In *Hahn*, we held that enforcement of an appeal waiver does not result in a miscarriage of justice unless it would result in one of four enumerated situations. 359 F.3d at 1327. Those four situations are: "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Id*. (brackets in original) (internal quotation marks omitted).

Carpenter first asserts that his sentence exceeds the statutory maximum because "[s]upervised release may be imposed only after an imprisonment." Resp. at 13. But he offers no case law to support his assertion. We have explained that the "'statutory maximum' in *Hahn* refers to the upper limit of punishment that Congress has legislatively specified for the violation of a given statute." *United States v.*

7

*Green*, 405 F.3d 1180, 1194 (10th Cir. 2005).  Carpenter was convicted under 18 U.S.C. § 401, and that statute "carries no statutorily authorized maximum punishment."  *United States v. Bowers*, 847 F.3d 1280, 1292 (10th Cir. 2017) (internal quotation marks omitted).  There are statutory limits, however, for the length of supervised release associated with a Class A felony conviction, like Carpenter's.  But his five-year term of supervised release falls within those limits.  *See* 18 U.S.C. § 3583(b)(1) (authorized term of supervised release shall not exceed five years for a Class A felony).

Carpenter next asserts that his waiver is otherwise unlawful.  His arguments, however, do not relate to the lawfulness of his waiver; instead, they relate to challenges to his conviction and/or sentence.  Carpenter "misunderstands the miscarriage of justice exception to enforcement of a waiver of appellate rights."  *United States v. Smith*, 500 F.3d 1206, 1212-13 (10th Cir. 2007).  "This exception looks to whether the waiver is otherwise unlawful, not to whether another aspect of the proceeding may have involved legal error."  *Id.* at 1213 (internal quotation marks and citation omitted); *see Sandoval*, 477 F.3d at 1208 ("Our inquiry is not whether the sentence is unlawful, but whether the waiver itself is unlawful because of some procedural error or because no waiver is possible").  Carpenter has failed to show that enforcing the appeal waiver would result in a miscarriage of justice.

For the foregoing reasons, we grant the government's motion[3] to enforce the appeal waiver (Appeal No. 25-6198, Dkt. No. 16; Appeal No. 26-6003, Dkt. No. 15), and dismiss these appeals.

Entered for the Court

Per Curiam

---

[3] Although there are two appeals, they have been consolidated. The government filed one motion to enforce, and it was docketed in both appeals.